UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-cv-00489 (KBJ) |
| ) | |
| **ALL FUNDS IN INDUSTRIAL AND COMMERCIAL BANK OF CHINA LIMITED** Interbank Accounts In The United States In An Amount Up To And Including The Amount Of $718,943.68, Which Is Equivalent To The Value Of Proceeds Now On Deposit In Account Number XXXXXXXXXXXXXX7-028, Held At Industrial And Commercial Bank Of China Limited, Fujian Provincial Branch, Or Any Property Traceable Thereto, ) | |
| ) | |
| and ) | |
| ) | |
| **ALL FUNDS IN BANK OF CHINA LIMITED** Interbank Accounts In The United States In An Amount Up To And Including The Amount Of $107,940.23, Which Is Equivalent To The Value Of Proceeds Now On Deposit In Account Number XXXXXXXXXXXXXX7-338, Held At Bank Of China, Fujian Branch, Or Any Property Traceable Thereto, ) | |
| ) | |
| Defendants. ) | |

**JOINT STATUS REPORT AND MOTION FOR EXTENSION OF TIME**

Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the Department of Justice, Asset Forfeiture and Money Laundering Section and Computer Crime and Intellectual Property Section, along with the claimant, Bank of China Limited (hereinafter "BOC"), pursuant to the Court's July 8, 2013

Order, hereby respectfully file this report to provide the Court with the current status of this matter and move for additional time until August 30, 2013 to file either the government's Motion to Strike Claim or a Joint Status Report. The parties state as follows:

1. This is a civil *in rem* forfeiture action against funds seized as proceeds of the trafficking in counterfeit goods. *See* D.E. No. 1.[1] These funds were seized by the United States pursuant to a court order from a corresponding bank of the Bank of China in New York. *Id*. The accounts ("subject accounts") from which the funds were to be seized are physically located in China. *Id*. Therefore, documents and records regarding the subject accounts and any related accounts are located at a specific provincial branch of the BOC in China. This circumstance makes it difficult for claimant's counsel to communicate easily with their client BOC.

2. BOC counsel assert that they have had difficulty obtaining documents relating to the subject bank accounts and related accounts from BOC that could be provided to plaintiff United States under Chinese law. The United States asserts that these documents are necessary for a settlement to be reached.

3. The BOC and the United States are the only parties in a similar *in rem* forfeiture action entitled *United States v. All Funds in Bank of China Limited et al*, Case No. 12-cv-658 (EGS), currently pending before Judge Sullivan. The parties are having almost identical issues regarding the production of documents to the United States by BOC in that matter.[2]

4. After the United States initiated this civil action and the Bank of China filed a

---

[1] "D.E. No." refers to the number of the document assigned by the Court's ECF system in this matter.

[2] Simultaneous to the filing of this motion, the parties will be filing a motion for extension of time until August 30, 2013, in the other matter.

claim in this matter, the parties filed a "Meet and Confer" statement on December 12, 2012.  *See* D.E. No. 23.  On January 11, 2013, pursuant to the Court's Order, the parties provided the Court with a proposed scheduling order.  *See* D.E. No. 24.  On January 11, 2013, the Court issued a scheduling order.  *See* January 11, 2013 Minute Order.  Since the issuance of the scheduling order, the parties have jointly moved for an extension of time four times in order to allow claimant BOC to produce certain documents relating to the subject bank accounts and related accounts to the United States.

     5.     On July 12, 2013, the government received the first batch of approximately ten documents relating to the subject accounts and related accounts from the BOC.[3]  The records that BOC produced to the United States were redacted in part and in Chinese.  On July 17, 2013, BOC produced an additional six redacted documents in Chinese.  The United States has been able to obtain an informal translation of these documents, but has not yet received translations from either BOC or a certified translator.  The United States has requested un-redacted copies of those documents along with a more complete translation of the documents from BOC.  In addition, counsel for the BOC has indicated that BOC will produce to the United States an affidavit from a bank official in China regarding the funds in the subject bank accounts and related accounts in at least one of the two cases.  To date, the United States has not received a copy of the proposed affidavit.  Therefore, the United States and BOC cannot move forward in reaching a settlement in the two cases until the relevant documents have been delivered and thoroughly reviewed.

     6.     The United States is hoping to receive the documents shortly and have the

---

[3] BOC sent documents relating to both cases together to the United States.

opportunity to review them before the next deadline of August 12, 2013, although, it is not clear that the United States will receive the documents in time for its review of all of the documents by that date.[4]  Therefore, the parties are requesting that they be given until August 30, 2013, in obht cases to allow for the receipt and review of the documents and to conduct additional efforts to resolve both matters.  As a result, the parties request an extension of time until August 30, 2013 for the United States to file either a motion to strike BOC's claim or file a joint status report.

      WHEREFORE, for the foregoing reasons, the parties respectfully move for an extension of time.

                              Respectfully submitted,

                              RONALD C. MACHEN JR., D.C. Bar No. 447889
United States Attorney

/s/
ARVIND LAL D.C. Bar #389-496
Chief, Asset Forfeiture and Money Laundering Section
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
Asset Forfeiture and Money Laundering Section
(202) 252-7724 (Lucas)
Diane.Lucas@USDoj.Gov

/s/
JAIKUMAR RAMASWAMY
Chief, Asset Forfeiture and Money Laundering Section
PAMELA J. HICKS
Acting Deputy Chief
Asset Forfeiture and Money Laundering Section
Criminal Division, U.S. Department of Justice
1400 New York Avenue, N.W.

---

    [4] Various counsel for the United States will be on vacation and out-of-town at different times during the first three weeks in August, 2013.  Therefore, even assuming the United States receives the requested documents from BOC in a timely manner, continued  settlement discussions will be difficult to conclude before August 30, 2013.

Washington, D.C. 20530
(202) 514-1263
Pamela.Hicks@USDoj.Gov

/s/
THOMAS S. DOUGHERTY
Trial Attorney
Computer Crime and Intellectual Property Section
Criminal Division, U.S. Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 514-1026
Thomas.Dougherty@USDoj.Gov

Counsel for Plaintiff United States

/s/
C.DENNIS SOUTHARD IV, D.C. Bar #448190
TAREN STANTON, D.C. Bar #1001366
Thompson Hine LLP
1919 M Street N.W., Suite 700
Washington, D.C. 20036-1600
(202) 331-8800
taren.stanton@thompsonhine.com

Of Counsel:

RICHARD De PALMA
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, N.Y. 10017-4611
(212) 344-6101

Counsel for Claimant Bank of China Limited